# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:13CV-00098-HBB

**PEGGY ADDLIN CARTWRIGHT**                                              **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Peggy Addlin Cartwright ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 8) and Defendant (DN 11) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 5). No party has requested oral argument.

### FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments on May 25, 2010 (Tr. 149-153, 154-160). Plaintiff alleged that she became disabled on January 26, 2007, as a result of depression, anxiety, degenerative disc disease, and

problems with her back, hip, and knee (Tr. 182). On February 6, 2012, Administrative Law Judge Michael Comisky ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 20, 35-37). Plaintiff appeared in Madisonville, Kentucky, and was represented by attorney Stuart Peek (Tr. 20, 35-37). Also present and testifying was Kenneth Boaz, a vocational expert (Tr. 20, 35-37).

In a decision dated April 6, 2012, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2012 (Tr. 22). The ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 20-29). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 26, 2007, the alleged onset date (Tr. 22). At the second step, the ALJ determined that Plaintiff's discogenic disorder, joint disorder of the left shoulder, obesity, affective disorder, and anxiety disorder are "severe" impairments within the meaning of the regulations (Tr. 22). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 25).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform medium work except that she can lift and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk for two hours, and sit for six hours in an eight hour workday due to limitations from her joint problems and weight; she can understand/remember detailed instructions; can maintain concentration, persistence and pace to carry out detailed instructions; can have frequent contact with co-workers, the public and supervisors; and can adapt to workplace changes (Tr. 25-26). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is capable of performing her past relevant work as a statistics clerk and procurement clerk (Tr. 27-28).

In the alternative, the ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 28-29). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 28-29). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from January 26, 2007, through the date of the decision, April 6, 2012 (Tr. 29).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 14-16). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5).

CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20

3

C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."

4

Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serverices, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Services, 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff disagrees with Finding Nos. 5 and 6 (DN 8, Fact and Law Summary at Pages 7-14). Essentially, Plaintiff is arguing both findings are not supported by substantial evidence in the record (DN 8, Fact and Law Summary at Pages 7-14). Defendant contends the ALJ's findings are supported by substantial evidence in the record (DN 11, Fact and Law Summary at Pages 3-10).

By way of background, Finding Nos. 5 and 6 pertain to the fourth step in the sequential evaluation process (Tr. 25, 27). In Finding No. 5, the ALJ made determinations regarding Plaintiff's residual functional capacity (Tr. 25-27). In Finding No. 6, the ALJ relied on testimony from the vocational expert to make determinations regarding the physical and mental demands of Plaintiff's past relevant work and Plaintiff's ability to return to her past relevant work (Tr. 27). See 20 C.F.R. §§ 404.1520(e), 416.920(e).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. This finding is based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider

5

the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

While the regulations require Administrative Law Judges to evaluate every medical opinion in the record, the process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of the treating source. 20 C.F.R. § 404.1527(c). Notably, the source of the medical opinion dictates the process by which the Commissioner accords it weight. Gayheart v. Commissioner, 710 F.3d 365, 376 (6th Cir. 2013).

The regulations indicate that treating source opinions must receive "controlling weight" when two conditions are met: (1) the medical opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the medical opinion "is not inconsistent with other substantial evidence in ... [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Gayheart, 710 F.3d at 376. If the Administrative Law Judge does not give the treating physician's medical opinion controlling weight, "then the opinion is weighed based on the length, frequency, nature, and extent of the treating relationship, ... as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. Id. (citing 20 C.F.R. § 404. 1527(c)(2)-(6)). Further, the Administrative Law Judge must provide "good reasons" for the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); Social Security Ruling 96-2p; Gayheart, 710 F.3d at 376; Wilson v. Commissioner of Social Security, 378 F.3d 541, 545-546 (6th Cir. 2004). Notably, "[t]hese reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to

6

the treating source's medical opinion and the reasons for that weight.'" Gayheart, 710 F.3d at 376 (citing Social Security Ruling 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). "This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" Gayheart, 710 F.3d at 376 (quoting Wilson, 378 F.3d 544).

By contrast, medical opinions from examining and non-examining physicians are "never assessed for 'controlling weight.'" Gayheart, 710 F.3d at 376 (citation omitted). Instead, the Administrative Law Judge "weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability..." Id. (citing 20 C.F.R. § 404.1527(c)(2)). Further, other factors that tend to support or contradict the medical opinion may be considered in assessing the medical opinion. Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)).

Here, the physical limitations set forth in Finding No. 5 read as follows:

> [S]he can lift and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk for two hours, and sit for six hours in an eight hour day due to limitations from her joint problems and weight.

(DN 8, Fact and Law Summary at Pages 7-8). Plaintiff argues the above limitations are not supported by substantial evidence because the ALJ failed to take into consideration medical evidence in the record showing she has nerve root compression caused by degenerative disc disease (DN 8, Fact and Law Summary at Pages 7-8). Further, Plaintiff points out that her treating physician, Dr. Chumbley diagnosed a herniated disk at L5-S1 (DN 8, Fact and Law Summary at Pages 7-8, 11).

The undersigned finds no merit to Plaintiff's argument because the ALJ's summary of the medical evidence acknowledges the "[l]umbar MRI performed in January 2009 showed moderate-sized right disk protrusion at L5-S1 with inferior migration into the right lateral recess of S1, compressing the right S1 nerve root" (Tr. 23, 257). Moreover, there is no dispute that Dr. Chumbley diagnosed a herniated lumbar disk based on his review of the MRI (Tr. 293). What Plaintiff fails to appreciate is that the MRI report and Dr. Chumbley's diagnosis merely demonstrate the existence of a "medically determinable" physical condition. 20 C.F.R. §§ 404.1508, 416.908; Social Security Ruling 96-4p, 1996 WL 374187, *1 (July 2, 1996); Social Security Ruling 96-3p, 1996 WL 374181, *2 (July 2, 1996). The MRI report (Tr. 257) and Dr. Chumbley's diagnosis (Tr. 293) do not address the severity of Plaintiff's condition.

The administrative decision indicates the ALJ determined the severity of Plaintiff's back condition by considering all of the evidence in the record, including medical records identifying the treatment Plaintiff received, the results of tests performed, the results of examinations performed, Plaintiff's subjective complaints, and the November 2010 opinion of Dr. Greene, the consultative physical examiner (Tr. 22-23, 27, 228-256, 257, 258-338, 400-405, 406-413). Notably, although Dr. Chumbley diagnosed Plaintiff with a herniated lumbar disk he believed that she "is probably going to continue to improve…" without surgical intervention (Tr. 293). This opinion from Dr. Chumbley about the severity of Plaintiff's condition is consistent with the subsequent findings and opinions expressed by Dr. Greene, the consultative examiner (Tr. 402-403). Dr. Greene's findings and opinions substantially support the ALJ's residual functional capacity findings (Tr. 25-27). Therefore, the undersigned concludes the ALJ's findings are consistent with Dr. Chumbley's diagnostic opinion that Plaintiff has a herniated lumbar disk. In

sum, the ALJ's findings regarding limitations imposed by Plaintiff's back condition are supported by substantial evidence in the record and comport with applicable law.

Next, the mental limitations set forth in Finding No. 5 read as follows:

> She can understand/remember detailed instructions; can maintain concentration, persistence and pace to carry out detailed instructions; can have frequent contact with co-workers, the public and supervisors; and can adapt to workplace changes.

(Tr. 26). Plaintiff challenges these findings by accusing the ALJ of failing to comply with 20 C.F.R. §§ 404.1527 and 416.927 (DN 8, Fact and Law Summary at Pages 8-14). More specifically, Plaintiff argues the ALJ should have accorded greater weight to the opinion of her treating source, Joan Thomason, LCSW, than the opinion of Dr. Thompson, a non-examining State agency psychologist (DN 8, Fact and Law Summary at Pages 8-14). Notably, Plaintiff follows this argument with a detailed discussion about the "**treating source**" rule (DN 8, Fact and Law Summary at Pages 8-14). Apparently, Plaintiff believes the ALJ failed to follow the "**treating source**" rule when he assigned weight to the opinion of Ms. Thomason, a Licensed Clinical Social Worker (DN 8, Fact and Law Summary at Pages 8-14).

The "**treating source**" rule applies to a "medical opinion" rendered by a "**physician**" **or other** "**acceptable medical source**" who has, or has had, an ongoing treatment relationship with the claimant.[1] 20 C.F.R. §§ 404.1502, 404.1513(a)(1), 404.1527(a)(2) and (c), 416.902, 416.913(a)(1), 416.927(a)(2) and (c); Social Security Rule 96-2p; Gayheart v. Commissioner, 710 F.3d 365, 375-376 (6th Cir. 2013); Rogers v. Commissioner, 486 F.3d 234, 242 (6th Cir. 2007);

---

1 The regulations expressly indicate only "**acceptable medical sources**" are qualified to render "medical opinions" about the nature and severity of a claimant's impairment, including limitations or restrictions imposed by the impairment. 20 C.F.R. §§404.1513(a) and (b)(6), 404.1527(a)(2), 416.913(a) and (b)(6), 416.927(a)(2).

9

Wilson v. Commissioner, 378 F.3d 541, 544 (6th Cir. 2004). The regulations define "treating source" as follows:

> *Treating source* means your own **physician, psychologist, or other acceptable medical** source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)...

20 C.F.R. §§ 404.1502, 416.902 (emphasis added). Moreover, the regulations expressly indicate only "acceptable medical sources" are qualified to render "medical opinions" about the nature and severity of a claimant's impairment, including limitations or restrictions imposed by the impairment. 20 C.F.R. §§404.1513(a) and (b)(6), 404.1527(a)(2). Thus, Ms. Thomason must be an acceptable medical source under the regulations in order for the "**treating source**" rule to apply to her opinion.

As mentioned above, Ms. Thomason is a Licensed Clinical Social Worker. Notably, Licensed Clinical Social Workers are not included within the list of "acceptable medical" sources. 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5). This means Ms. Thomason is not an "acceptable medical" source under the regulations. Thus, Ms. Thomason is also not qualified to render a medical opinion about the nature and severity of Plaintiff's mental impairment, including limitations or restrictions imposed by the impairment. Additionally, this means Ms. Thomason is not a "treating source" under the regulations. In sum, the treating source rule does not apply to any opinion Ms. Thomason rendered.

Under the regulations, Ms. Thomason is one of the "medical sources" that are classified as "other sources" evidence. 20 C.F.R. § 404.1513(d)(1) (emphasis added). Notably, Social Security Ruling 06-03p indicates the factors in 20 C.F.R. § 404.1527(c) can be applied when weight is assigned to the opinion of Ms. Thomason. This means Ms. Thomason's opinion can be weighed based on factors such as "the examining relationship (or lack thereof), specialization, consistency, and supportability..." Gayheart v. Commissioner, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)). Further, other factors that tend to support or contradict Ms. Thomason's opinion may be considered in assessing her opinion. Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)). Notably, Social Security Ruling 06-03p indicates not every factor in 20 C.F.R. §§ 404.1527(c) and 416.927(c) will apply in every case. Additionally, Social Security Ruling 06-03p indicates assessing opinions from "other sources" will depend on the particular facts of the case and each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and the weighing of all the evidence in that particular case.

Here, the ALJ noted that Ms. Thomason completed a mental residual medical source statement in February 2012 (Tr. 24). The ALJ summarized the completed statement as follows:

> She opined that the claimant has a mood disorder, not otherwise specified and assessed a GAF for the current period and for the past year as 60. She opined that the claimant's impairment would cause her to be absent from work more than three times a month. She opined that the claimant had "poor to none" ability to perform all work related mental activities. In evaluating this impairment under the "B" criteria of the Psychiatric Review Technique Form, Ms. Thomason opined that the claimant has "moderate" difficulties in maintaining social functioning, and "frequent" difficulties in maintaining concentration, persistence or pace. She found "repeated" episodes of deterioration or decompensation in work or work-like settings, which cause the individual to withdraw from the

11

> situation or to experience exacerbation of signs and symptoms. She marked no limitations in the area of restriction of activities of daily living. (Exhibit 18F).

(Tr. 24-25). The ALJ then provided the following explanation for the weight accorded to Ms. Thomason's opinion:

> The undersigned has considered Ms. Thomason's opinion and finds it completely inconsistent with a GAF score of 60, a number found to be most consistent with the claimant's functioning currently and throughout the past year. While this GAF score is consistent with moderate symptoms or moderate difficulty in social, occupational or school functioning, it is only one point away from a consideration of mild symptoms (GAF of 61-70). Additionally the record supports no finding of decompensation, and certainly not "repeated" episodes of decompensation. It is noted that the claimant is not taking her psychotropic medication as prescribed which can significantly impact her functioning at times. For these reasons, Ms. Thomason's opinion is given little weight.

(Tr. 25). The undersigned concludes that the ALJ's finding is supported by substantial evidence in the record and comports with applicable law.

Plaintiff takes issue with the ALJ giving great weight to some but not all of the opinion rendered by consultative psychological examiner Marcy Walpert, M.A. (DN 8, Fact and Law Summary at Pages 11-13). Plaintiff argues the ALJ misinterpreted Social Security Ruling 96-5p when he discounted part of Ms. Walpert's opinion because he concluded it was dispositive of an issue reserved to the Commissioner (DN 8, Fact and Law Summry at Pages 11-13). The undersigned finds no merit to Plaintiff's argument.

A vocational opinion within a medical source statement goes beyond a medical judgment regarding what an individual can still do and is a finding that may be dispositive of the issue of disability. Social Security Ruling 96-5p, 1996 WL 374183, *2-5 (July 2, 1996). Examples of vocational opinions would be the claimant is unable to perform her past work, is limited to

sedentary work, or is unable to work. Id. at *2-5. While such opinions by medical sources must not be disregarded they are not entitled to controlling weight or given special significance. Id. at *5.

Here, the ALJ observed that Ms. Walpert performed a consultative psychological examination in July of 2010 (Tr. 24, 372-378). Further, the ALJ noted that Ms. Walpert diagnosed Plaintiff with dysthymic disorder and generalized anxiety disorder and opined that Plaintiff was capable of understanding instructions given throughout the exam; she was able to cooperate and put forth sufficient effort; and **she could tolerate the demands and stress of at least a part-time day-to-day work setting** (Tr. 24, 377-378) (emphasis added). The ALJ then provided the following explanation for the weight accorded to Ms. Walpert's opinions:

> The undersigned gives great weight to the opinion of Ms. Walpert, as it is consistent with the findings on examination and the record as a whole. **However, the undersigned can give little weight to Ms. Walpert's opinion that the claimant is capable of working on a part-time basis as a [sic] this is an Administrative finding reserved to the Commissioner and thus is not entitled to special significance or adjudicatory weight (Social Security Ruling 96-5p).** Statements from medical sources on issues which are reserved to the Commissioner are never entitled to controlling weight.

(Tr. 24) (emphasis added). The undersigned agrees with the ALJ that Ms. Walpert's opinion regarding Plaintiff's ability to perform part-time work is a vocational opinion that is reserved for the Commissioner. Social Security Ruling 96-5p, 1996 WL 374183, at *5. Further, the undersigned concludes the ALJ's findings regarding the weight accorded to Ms. Walpert's opinion are supported by substantial evidence and comport with applicable law.

Plaintiff disagrees with Finding No. 6 (DN 8, Fact and Law Summary at Page 8). Plaintiff believes the ALJ erred in determining she could return to her past relevant work (DN 8, Fact and Law Summary at Page 8). In support of her argument, Plaintiff makes the following assertion:

> Had the ALJ had a basic understanding of the five-step sequential process for determining whether an individual is disabled, he would have found the Plaintiff disabled at this step in the process. Findings that the Plaintiff was able to perform other jobs existing in the national economy may be considered harmless error, however, it does, again demonstrate the ALJ's lack of understanding of the disability process.

(DN 8, Fact and Law Summary at Page 8).

Defendant asserts that Plaintiff has not developed this argument (DN 11, Fact and Law Summary at Page 10). Therefore, Defendant contends the argument is waived (DN 11, Fact and Law Summary at Page 10).

The undersigned agrees with Defendant because Plaintiff has at best made a general assertion about the ALJ not understanding the law. Plaintiff has not cited any cases or regulations in support of her argument. Moreover, Plaintiff has not explained why she believes the ALJ does not understand the applicable law regarding the fourth step in the sequential evaluation process. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); see also Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Commissioner of Social Security, 2006 WL 463859, *2 (6th Cir. 2006). In sum, the undersigned concludes that Plaintiff has waived her argument regarding Finding No. 6. Notwithstanding, the undersigned has reviewed the record

and concludes Finding No. 6 is supported by substantial evidence in the record and comports with applicable law.

## ORDER

IT IS HEREBY ORDERED that the final decision of the Commissioner is AFFIRMED.

This is a final and appealable Order and there is no just cause for delay.

Copies:	Counsel